**COURT OF APPEAL, THIRD CIRCUIT**
**P.O. Box 16577**
**Lake Charles LA 70616**
**(337) 433-9403**

# NOT DESIGNATED FOR PUBLICATION

Randy Jerome Lasseigne
Attorney At Law
P. O. Box 5313
Lafayette LA 70502-5313

**REHEARING ACTION: April 3, 2019**

**Docket Number: 19   00077-KW**

**STATE OF LOUISIANA**
**VERSUS**
**THADDEUS L. HEBERT**
**(IN RE:BANKER'S INSURANCE COMPANY, ET AL.)**

**Writ Application from Lafayette Parish Case No. 2017-T-5242**

**BEFORE JUDGES:**

   **Hon. Sylvia R. Cooks**
   **Hon. Shannon J. Gremillion**
   **Hon. D. Kent Savoie**

As counsel of record in the captioned case, you are hereby notified that the ruling on the

application for rehearing filed by **Banker's Insurance Company, et al** is:

**REHEARING GRANTED; WRIT DENIED:**   Relator, Bankers Insurance Company, filed a writ application with this court seeking supervisory review of the trial court's August 31, 2018 and September 16, 2018 rulings denying Relator's "Rule to Show Cause Why Notice of Arrest Should Not be Vacated" filed in *State of Louisiana v. Thaddeus L. Hebert.* Now that Defendant has failed to appear for court proceedings, Relator claims that, because the State actually charged Defendant for a lesser degree of the offense for which Relator contracted as a bond surety, it should no longer be responsible for paying Defendant's bail. This court finds that La.Code Crim.P. art. 331(B) does not apply in the instant case. There has been no dismissal of original charges in the instant case; Defendant's original bill of information is still valid. Defendant was charged with the instant offense in July 2017. The court issued a warrant for Defendant's arrest in January 2018, and Relator made no objection to its role as surety until the end of May 2018. Under La.Code Crim.P. art. 319, the appropriate time for Relator to object to its continuing role as surety was after Defendant was charged but before Defendant breached his bail undertaking, i.e., between July 2017 and January 2018. Accordingly, Defendant's writ application is denied.

cc: Hon. Keith A. Stutes, Counsel for  the Respondent
   Emilia Salas Pardo, Counsel for  the Respondent